# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN ARCENEUX CLAIR, JR., | CASE NO. CV 14-0854-DSF (JEM) |
| Petitioner, | |
| v. | ORDER RE: SUMMARY DISMISSAL OF ACTION FOR LACK OF JURISDICTION |
| E. VALENZUELA, | |
| Respondent. | |

On February 4, 2014, Petitioner filed a Petition for Writ of Habeas Corpus ("Petition") and a supporting document titled "Judicial Notice & Jurisdictional Challenge to Terminate/Vitiate Contractual Maritime Conviction, & Ineffective Assistance of Counsel." (Docket Nos. 1, 2.) On March 3, 2014, Petitioner filed the following documents in support of the Petition: (1) "Affidavit of Truth"; (2) "Affidavit of Claim if Life"; and (3) "Declaration of One, Nathan-Arceneaux: Clair Jr., a Living Man, Denial of Corporate Existence". (Docket Nos. 6-8.) On March 14, 2014, Petitioner filed a document titled "Notice of Fault And Opportunity to Cure And Consent Acceptance." (Docket No. 4.) For the reasons set forth below, the Petition is dismissed without prejudice.

Title 28 U.S.C. § 2254 empowers the Court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

28 U.S.C. § 2254(a).  The Court need neither grant the habeas petition nor order a return if "it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243; see also Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4") ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").  "[U]nder § 2243 it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."  Advisory Committee Notes to Rule 4, 1976 Adoption; see also Allen v. Perini, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970) (Under § 2243, "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face.").

"[T]he petition is expected to state facts that point to a 'real possibility of constitutional error.'"  Advisory Committee Notes to Rule 4, 1976 Adoption (quoting Aubut v. State of Me., 431 F.2d 688, 689 (1st Cir. 1970)); see also Calderon v. U.S. Dist. Court, 98 F.3d 1102, 1109 (9th Cir. 1996) (Schroeder, J., concurring), cert. denied, 520 U.S. 1233 (1997) ("Thus the facts in a habeas petition need not be so detailed as to establish *prima facie* entitlement to habeas relief; they are sufficient if they suggest the real possibility that constitutional error has been committed.") (italics in original).  However, where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false, courts are authorized to summarily dismiss the petition.  See McFarland v. Scott, 512 U.S. 849, 856, 114 S.Ct. 2568, 2572 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face[.]"); O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990), cert. denied, 498 U.S. 1096 (1991) ("[R]ule 4 of the Rules Governing Section 2254 in the United States District Courts 'explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated.'") (citations omitted); Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) ("Summary dismissal is appropriate only where the allegations in the petition are 'vague [or] conclusory' or 'palpably incredible', or 'patently frivolous or false.'") (citations omitted).

Petitioner's allegations in the Petition consist of vague and largely incoherent rambling and any grounds for relief asserted therein are deficient. Hendricks, 908 F.2d at 491. For example, Petitioner's first ground for relief asserts that: "The court never had subject matter jurisdiction nor did they have a lawful contract in evidence (International Maritime Contract) binding me to the acting jurisdiction, which is a SHAM proceeding, fraud etc." (Petition at 3.) The following supporting facts provided for Ground One are similarly unintelligible, moreover:

> As stated above: No subject matter jurisdiction, International Maritime contract, no counsel representing the man (sentient being). Without a lawful contract in evidence the court lacked jurisdiction over the flesh & blood and the contract MUST have FULL DISCLOSURE meeting all 4 points of a lawful contract and to act without such a contract is fraud, and to still proceed as though the court was acting in Common Law is a SHAM proceedings. The Court held the proceeding as if it was a Common Law court (innocent til proven guilty when in fact the proceedings were Admiralty/Maritime (guilty til proven innocent) where you are not allowed a trial. A human being is guaranteed Due Process of law which is only found in Common Law, there is no due process outside of Common law. So for the court to act outside of the Common Law (without a lawful contract) goes against the constitution that they took in oath to uphold . . . . [¶] Furthermore, a counsel that's a member of the adversary is far worse than no counsel at all and to have a counsel there just to create a joinder between you and the legal fiction, the color of law is complete making the SHAM proceedings and the fraudulent concealment a fact and a violation of their oaths a certainty.

(Petition at 3.) Petitioner's remaining allegations in the Petition and in Petitioner's other filings submitted in support of the Petition are similarly incoherent and deficient. Accordingly, the pending Petition is "patently frivolous." Hendricks, 908 F.2d at 491; In re Hunter, 1995 WL 261459, at *2 (N.D. Cal. 1995) (dismissing habeas petition because it is "a dense and impenetrable mass of verbiage").

3

1  Based on the foregoing, IT IS ORDERED THAT the case shall be summarily dismissed
2  without prejudice for lack of jurisdiction.  <u>See</u> Rule 4; Local Rule 72-3.2.

4  DATEDL 3/28/14

> *Dale S. Fischer*
>
> _____
> DALE S. FISCHER
> UNITED STATES DISTRICT JUDGE